Plaintiff Mariela Garcia Lopez ("Plaintiff") has brought a multi-count product liability action. In her First Amended Complaint (the"Complaint"), Plaintiff asserts personal injury claims against the designers, manufacturers and sell_ers of a medical device that failed during her hysterectomy surgery. Presented for decision is the Defendants' Rule 12(b)(6) M tion to Dismiss for Failure to State a Claim.
FACTS[1]
            In April, 2022, Plaintiff underwent a total hysterectomy and bilateral salpingectomy surgery. During this laparoscopfoprocedure, Plaintiffs surgical team utilized the Defendants' Endo Stich suturing device with V-Loc 180 Absorbable Reload (the "Suturing Device" or the
 
--------------------------------------------
 
[1] The following facts are drawn from the allegations set forth in Plaintiff's First Amended Complaint, including the documents attached to and referenced in this pleading. See Schaer v. Brandeis Univ., 432 Mass. 474,477 (2000).
 
                                                            -1-
 
"Device") to close her vaginal cuff. During surgery, the Device's needle broke off and/or became dislodged and fell into the  Plaintiffs  pelvic cavity. The needle from Defendants'  Suturing Device failed due to a manufacturing defect; and, by breaking off in the patient's body cavity, it deviated from its intended design.
            To locate and retrieve the needle, Plaintiff's procedure was converted to an open exploratory laparotomy, during which hours-long surgery Plaintiff sustained a left ureter transection. To repair this injury to her ureter, Plaintiff underwent a left uretral reimplantation and stent placement. Despite these attempted surgical correctives, however, the transection resulting :from the retrieval of the Suturing Device's broken needle has caused Plaintiff to suffer recurring urinary tract infections, left-sided pyelonephritis, and sepsis. Plaintiffs injuries are considered permanent.
            Unbeknownst to Plaintiff, the Defendants' Suturing Device had previously been the subject of numerous (on the order of25)"Adverse Event" reports maintained  by the  Food & Drug Administration ("FDA") in its Manufacturer and User Device Experience ("MAUDE") database. The Defendants eventually recalled 18 different models of the V-LOC closure devices (the "Recalled Devices"), including the model that had been used in Plaintiffs unsuccessful procedure. The Defendants acknowledge in recall-related documentation that the Recalled Devices suffered "manufacturing nonconformance" caused by problems with "process control." More specifically, the Defendants' MAUDE documentation reflects that the failure of the Recalled Devices was the "manufacturing related ... misalignment or off centered crimping during the needle attachment process." The Complaint alleges that the Suturing Device that  failed during Plaintiff's surgical procedure was manufactured at the same location, was subject to the same process controls, and suffered the same misalignment or off-centered crimping in the
 
                                                            -2-
 
needle attachment process as the Recalled Devices, and was in fact a subject of the Defendants' V- LOC recall.[2]
            The Complaint thus alleges that the Defendants had knowledge that their Suturing Device suffered manufacturing defects before the occurrence of Plaintiff's surgery; that the Defendants knew such defects carried the potential to hann patients in the very manner that Plaintiff suffered; and that the Defendants neglected to provide reasonable pre- and post-sale warnings that might have averted the injuries that befell Plaintiff. On the basis of these facts, set forth in detail in a 337-paragraph pleading, Plaintiff asserts claims for breach of the warranty of merchantability (for manufacturing defects), breach of the warranty of merchantability (for failure to warn), negligence, and violations of G.L. c. 93A.
DISCUSSION
            I. LEGAL STANDARD
            The Defendants have moved to dismiss Plaintiff's claims pursuant to Mass. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "factual
 
--------------------------------------------
 
[2] The Defendants protest the fact that a prior iterationof the Complaint referenced only a dislodging rather than a breakage of the needle (the First Amended Complaint specifically clarifies the matter), and that Plaintiff's allegations include no specific product Jot number to confirm that the Suturing Device utilized during her particular surgery was in fact part of the product recall that covered the Recalled Devices. These objections do not undermine the plausibility or foundational sufficiency of Plaintiff's claims. A plaintiff is obviously entitled to amend her complaint as more specific and reliable information becomes known, see Mass. R. Civ. P. 15; and a challenged product's specific lot number is the very kind of granular information one would expect to surface during discovery, and is presumably more accessible to Plaintiff's medical providers and the Defendants than it is to Plaintiff. The failure of a complaint to reference this sort of evidential information is not a pleading defect warranting dismissal under Rule 12. See Lipsitt v. Plaud, 466 Mass. 240,252 (2013) ("A complaint does not need detailed factual allegations to survive a motion to dismiss for failure to state a claim" [internal quotations omitted]); Kansas W. Ann. Conf. of United Methodist Church v. Robotech Components, Inc., No. CIV.A. 11-1171-KHV, 2011 WL 3799759, at *l (D. Kan. Aug. 25, 2011) ("Twombly and Iqbal do not require plaintiff to identify a product by model or serial number[.]"); Harris v. Johnson Controls, Inc. No. 6:14-CV-03481M- DH, 2015 WL 12781063,  at 4  (W.D. Mo. Feb. 4, 2015) (holding complaint need not identify product model number or serial number; "[s]uch details are more appropriately elicited through the discovery process.'), citing Sheen v. Bil-Jax, Inc. No. 93 C 6390, 1993 WL 524211 (N.D. Ill. Dec. .10.1993) (denying motion for more definite statement requesting "serial and model number, date of purchase, original owner, and common names of the product" in products liability action). also Smith v. Ariens Co. 375 Mass. 620, 621-23 (1978) (decal on machine sufficient to identify defendant as manufacturer at trial).
 
                                                            -3-
 
'allegations plausibly suggesting (not merely consistent with)' an entitlement to relief ...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). "The allegations must  be more than  'mere labels and conclusions,' and must ' raise a right to relief above the speculative level."' Buffalo-Water- I. LLC v. Fidelity Real Estate Co. LLC, 481 Mass. 13, 17 (2018), quoting Galiastro v. Mortgage Elec. Registration Sys., Inc., 467 Mass. 160, 165 (2014). The Court's review is limited to the factual allegations of the complaint and to facts contained within any annexed exhibits, see Eigerman v. Putnam Invs. Inc., 450 Mass. 281,285 n.6 (2007), as well as any matters of public record and documents relied upon in the complaint. See Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004); Schaer v. Brandeis Univ., 432 Mass. 474, 477 (2000). The Court must "accept as true the factual allegations in the complaint and the attached exhibits, [and] draw all reasonable inferences in the plaintiff's favor . . . " Buffalo-Water, 481 Mass. at 17. In this connection, however, the Complaint must allege specific facts sufficient to support Plaintiffs claims. Summarily asserted speculations and conclusions will ot suffice. Ortiz v. Examworks. Inc., 470 Mass. 784, 792-93 (2015).
            II. DEFENDANTS' CHALLENGES TO PLAINTIFF'S CLAIMS
            The Defendants attack the legal sufficiencyof the claims set forth in the Complaint on two growtds.First, the Defendants maintain that Plaintiff's claims are premised on conduct alleged to violate the Food and Drug Cosmetic Act ("FDCA'') and on the untimely recall of the Suturing Device. On this basis;the Defendants assert that the claims are preempted, inasmuch as only the FDA can enforce violations of the FDCA. Second, the Defendants argue that the allegations of the Complaint represent "conclusory" statements and "formulaic recitations" of the
 
                                                            -4-
 
legal elements of tort causes of action, and are thereby insufficient to clear the plausibility threshold of Rule 12. The Court disagrees on both counts.
            A. FEDERAL PREEMPTION
            The Defendants argue that only the FDA possesses the  legal authority to  enforce violations of the federal FDCA. Therefore, to the  extent Plaintiff's state law  tort claims rest solely on alleged violations of this statute, they are impliedly preempted by federal law. This is not the case.
            The SJC has made clear that, when state law claims for negligent failure to warn, breach of warranty, negligent manufacture, and violations of G.L. c. 93A rest on violations of product safety requirements of federal regulations, the enforcement of state law duties and obligations runs ''parallel to" and is not preempted by federal law. See Dunn v. Genzyme Corp., 486 Mass. 713, 719 (2021). This is in accord with U.S. Supreme Court precedent as well. See Riegel v. Medtronic, Inc'., 552 U.S. 312 (2008); Medtronic. Inc. v. Lohr, 518 U.S. 470 (1996). Such is the case here, where Plaintiff simply cites the Defendants' violations of FDA regulations in their MAUDE documentation as the evidentiary basis of their claimed knowledge of the Suturing Device's manufacturing defects. Plaintiff has not sought to extend the Defendants' legal obligations as a manufacturer and seller of a medical device in ways that conflict with or exceed the scope of federal law. There is no preemption in these circumstances.
            The Defendants' contrary reliance on Buckman v. Plaintiffs' Legal Committee, 531 U.S. 341 (2001), and DiCroce v. McNeil Nutritionals. LLC, 82 F.4th 35 (1st Cir. 2023), is misplaced. Buckman and DiCroce were both cases in which the plaintiff alleged that defendants had either made fraudulent misrepresentationsto the FDA in the course of seeking pre-market approval for· their medical device (Buckman), or had made fraudulent misrepresentations to the public with
 
                                                            -5-
 
false labeling that violated FDA regulations (DiCroce). Neither case involved claims such as those asserted in the case at bar, where Plaintiff has asserted causes of action basedon the Defendants' purported state law dutiesof care and merchantability. Such claims seek not to enforce federal law,.but rather run parallel to it. There is no implied preemption in these circumstances.[3]
            B. SUFFICIENCY OF FACTUAL ALLEGATIONS
            The Defendants' Motion to dismiss alternately argues that the allegations of the Complaint supporting Plaintiff's claims are too "conclusory" and non-specific to clear the threshold of plausibility set by Rule 12(b)(6) under the lannacchino standard. The Court does not agree, and will not dwell over-long on this contention.
            The 60-page Complaint contains 337 numbered paragraphs, setting forth in considerable detail the specific manufacturing defect in the Suturing Device, the design negligence and/or breach of intended purpose ascribed to the product, and the manner in which this Device purportedly caused harm to the Plaintiff. Far more than the skeletal legal elements of product liability causes of action are recited; and the Defendants' arguments to the contrary either offend common sense, or misconstrue the pleading requirements of Rule 12 Y compelling Plaintiff to possess irrefutable evidence of liability before she even commences taking discovery.
--------------------------------------------
 
[3] See Dumont v. Reily Foods Co., 934 F.3d 35, 43 ( Ist  Cir. 2019) (holding dismissal improper where complaint alleged liability not because label violated FDCA, but because label had the capacity to deceive or mislead reasonable consumers inviolation of G.L. c. 93A); Dwyer v. Boston Sci. Com.. No. MICV201404747, 2015 WL 3384894, at* I (Mass. Super. Ct. Apr. 2, 2015) (Miller, J.) (no preemption where plaintiff's product defect claims premisedon  conduct  that violated  FDCA  would  give rise to  recovery  under state  law in  absence ofFDCA);  Brown  v. DePuy Spine, Inc., No. BRCV2006-00208, 2007 WL 1089337, at 11 (Mass. Super.  Ct.  Apr. 9, 2007) (Garsh, J.) ("State law claims that are based on a manufacturer's failure to comply with requirements imposed by the FDA are not preempted by [21 U.S.C. § 360k(a:)] because they would not impose different or additional requirements but rather would enforce the exact requirements imposed by federal law"); Rosen v. St. Jude Med., Inc. 41 F. Supp. 3d 170, 186(N.D.N.Y. 2014) (denying motion to dismiss on preemption grounds, where plaintiff's "claims [were] neither conclusory nor formulaic" but alleged "specific manufacturing defects" and causal connection "between those defects, the violations of applicable federal regulations, and her injuries").
 
                                                            -6-
 
            For example, the Defendants argue that the Complaint fails to demonstrate with certainty (such as by lot number) that the Suturing Device used in Plaintiff's surgical procedure either suffered the manufacturing defect identified in their MAUDE documents or was the subject of the September, 2022 recall. But the Complaint in fact alleges this very thing, and puts forward abundant amounts of circumstantial evidence to support the inference that the Suturing Device used during Plaintiff's surgery had the same defect. That Plaintiff cannot prove defect with categorical assurance in her pleading supplies no ground for dismissing her Complaint. Reasonable plausibility, not absolute certainty, is all that Rule 12 requires. See Iannacchino, 541 Mass. at 636; Allen v. Boston Sci. Corp.. 84 Mass. App. Ct. 1114, 2013 WL 5538449, at *2 (Oct. 9, 2013) (Rule 1:28) (reversing dismissal where plaintiff"detailed a number of factual allegations that, taken as a whole, plausibly suggest that she [ ] suffered injuries as a result of the defendants' defective products"). See also Dunn, 486 Mass. at 721 ("We decline to require that plaintiffs asserting State cornmon law claims regarding [FDCA]-regulated medical devices plead these parallel claims in greater specificity than otherwise would be required under the plausibility standard set forth in Iannacchino").
            The Defendants similarly argue that the Complaint fails to show how the Suturing Device deviated from its intended design. This is, once again, plainly not so. A suturing device's needle is clearly intended for use with soft tissue manipulation during surgery, and is designed to withstand breakage that would allow a sharp object to fall into a patient's pelvic cavity and cause injury. A suturing device's needle that breaks mid-surgery has inherently deviated from its intended design. The Complaint expressly so alleges, and further specifies that crimping involved in the needle's manufacture was the cause of this defect. Rule 12 requires no greater particularity. See Hunt v. Covidien LP, No. 22-CV-10697, 2022 WL 3566834, at *2 (D. Mass.
 
                                                            -7-
Aug. 18, 2022) (complaint adequately claimed manufacturing defect based on allegations that stapler handle, which was under active recall, failed to properly seal off the remaining section of plaintiff's stomach); Sundaramurthy v. Abbott Vascular. Inc., 594 F. Supp. 3d 117, 123 (D. Mass. 2022) (complaint sufficiently alleged that defendant' s surgical balloon failed during surgery, that defendant had exposed its surgical balloons to excess heat during manufacturing, and that defendant failed to address this process flaw despite repeated reports of injury); Bausch v. Stryker Corp., 630 F.3d 546,559 (7th Cir. 2010) (allegations that defendant received complaints regarding the failure of its medical device, recalled the device based on the specific defect, and same defect allegedly caused plaintiffs injury were sufficient), cited approvingly in Dunn, 486 Mass. at 723.
            Finally, the Defendants argue that the Complaint fails to identify the particular warnings that were not sufficient to alert users of the Suturing Device to its dangers. Once again, this is simplynot the case, at least not insofar as concerns the requirements of pleading  The Complaint repeatedly cites the fact that Defendants were aware of this product's known tendency to  break or dislodge during surgery due to crimping in its production, and did nothing to advise users of the Device of this risk and how to mitigate same. The Complaint alleges that if appropriate warnings and cautionary instructions had been provided to the surgical team theSuturing Device would not have been utilized during her procedure and her injuries would have been avoided. No more was required to make out a valid failure to warn claim. See Bell v. Covidien LP, No. CV 22-11465-FDS, 2023 WL 3006175, at *6 (D. Mass. Apr. 19, 2023) (complaint need "not specifically allege what warning plaintiffs physician was given as to the device's dangers"; allegations that defendant gave minimal or no guidance were sufficient).
 
                                                            -8-
 
CONCLUSION AND ORDER
            In short, Plaintiff's Complaint sets forth product liability claims that are not preempted by federal law, and that are supported by sufficient factual allegations to make out viable tort causes of action. For these reasons, the Defendants' Motion to Dismiss shall be, and hereby is, 
DENIED.
SO ORDERED.
/s/Robert B. Gordon
Justice of the Superior Court
Dated:
March 5, 2026